# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 09-168 |
| RAYMOND ZARECK, | ) | |
| | ) | |
| Defendant | ) | |

## **OPINION**

### I.  Background

Pending before the court is a motion for clarification and requesting enlargement of time to reply (ECF No. 346) and a second motion for clarification (ECF No. 347) filed by pro se petitioner Raymond Zareck ("petitioner"). On November 20, 2012, a jury found petitioner guilty of possession of a firearm and/or ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (count one) and possession of a firearm and/or ammunition by an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3) (count two). (ECF No. 243.) On May 21, 2013, the court sentenced petitioner to, among other things, a term of imprisonment of 188 months at each of counts one and two of the superseding indictment, to concurrently run, and a term of supervised release of five years at each count, to concurrently run. (ECF No. 275.)

On May 23, 2013, petitioner appealed his convictions and sentences to the Third Circuit Court of Appeals. (ECF Nos. 277, 278.) On July 24, 2015, the court of appeals affirmed petitioner's convictions but vacated the judgment of sentence because this court erred when it imposed a sentence at each of counts one and two. (ECF No. 310 at 2.) In accordance with the court of appeals' decision, count two was merged into count one. (ECF No. 328.) On January 25, 2016, the court resentenced petitioner to, among other things, a term of imprisonment of 188 months at count one and a term of supervised release of five years at count one. (ECF No. 329.)

On January 29, 2016, petitioner appealed his new sentence. (ECF No. 331.) On September 29, 2016, the court of appeals affirmed the judgment of sentence entered by this court. (ECF Nos. 335, 336.) On November 3, 2016, the Third Circuit Court of Appeals denied petitioner's request for rehearing. (Court of Appeals for the Third Circuit, Docket No. 16-1215, Order dated November 3, 2016.) On November 11, 2016, petitioner submitted a "notice of appeal" of his sentence. (ECF No. 337.) The court of appeals did not take action on that notice. (ECF No. 338 at 2.) The Clerk of the Court of Appeals for the Third Circuit explained:

> No action will be taken on the foregoing document which was transmitted to this Court by the United States District Court for the Western District of Pennsylvania as a new notice of appeal. Appellant seeks review from final judgment of Appellant's sentence decided November 3, 2016. The November 3, 2016 order was entered by this Court in the above-docketed case and denied Appellant's petition for en banc rehearing and panel rehearing. As previously advised by the Clerk in a letter dated November 18, 2016, any further review of this Court's decision must be sought in the United States Supreme Court.

(Id.)

On February 1, 2017—ninety days after the Third Circuit Court of Appeals denied petitioner's request for rehearing—petitioner filed in the Supreme Court of the United States a petition for writ of certiorari. (Court of Appeals for the Third Circuit, Docket No. 16-1215, Notice dated February 8, 2017.) On March 6, 2017, the Supreme Court of the United States denied petitioner's petition for writ of certiorari. (Court of Appeals for the Third Circuit, Docket No. 16-1215, Notice dated March 6, 2017.) On February 23, 2018, the Third Circuit Court of Appeals denied petitioner's "Recall Mandate and Amend Judgment of Appeal with Appointment of New Counsel for Failure of CJA Counsel to File Petition Upon Petitioner's Request and Timely Withdraw Pursuant to 18 U.S.C.S Section 3006A and Third Circuit CJA Plan[.]" (Court of Appeals for the Third Circuit, Docket No. 16-1215, Order dated February 23, 2018.)

On March 6, 2018, petitioner filed in this court a motion to vacate under 28 U.S.C. § 2255.

(ECF No. 340.) On March 9, 2018, petitioner filed a motion to supplement his § 2255 motion. (ECF No. 342.) On April 20, 2018, the government filed a motion requesting the court to issue a notice to petitioner pursuant to United States v. Miller, 197 F.3d 644, 649 (3d Cir. 1999). (ECF No. 344.) On May 2, 2018, the court issued a Miller notice in the form provided by the government in which one sentence referred to petitioner by an incorrect name. (ECF No. 345.) On May 11, 2016, petitioner filed a motion for clarification and extension of time. (ECF No. 346.) On June 8, 2018, petitioner filed a second motion for clarification. (ECF No. 347.) On June 20, 2018, petitioner—in an effort to comport with the court's order dated May 2, 2018—filed a second amended § 2255 motion (the "second amended § 2255 motion"),[1] which, according to petitioner, only reasserts the claims he raised in the initial § 2255 motion and the motion to supplement. (ECF No. 348 at 12.)

**II. Discussion**

The court in the order dated May 2, 2018, instructed petitioner that he could choose to have his § 2255 motion ruled upon as filed, have his motion characterized as a § 2255 motion, or withdraw his § 2255 motion and file a new § 2255 motion within the one-year statutory period. Based upon a review of the docket in this case, clarification of the court's order dated May 2, 2018, is necessary. The court in this opinion will, therefore, provide clarification with respect to each of the options set forth in the order dated May 2, 2018.

**A. Petitioner may have his § 2255 motion ruled upon as filed.**

---

[1] The court will refer to the "second amended § 2255 motion" in quotations because in light of the procedural posture of this case and the confusion stemming from the order dated May 2, 2018, the second § 2255 motion could be considered a second motion to amend and not as a true *second* § 2255 motion. If the "second amended § 2255 motion" was a second § 2255 motion, it would—prior to this court's resolution—have to "be certified as provided in section 2244 by a panel of the appropriate court of appeals…." 28 U.S.C. § 2255(h).

3

The court recognizes that this option may have presented confusion because petitioner filed a § 2255 motion *and* three days later filed a "Motion to Supplement Defendant's Petitioner filed pursuant to…[28 U.S.C. § 2255] with Additional Issues" (ECF No. 342). This issue is further complicated because on June 20, 2018, petitioner—in an attempt to comply with the order dated May 2, 2018—filed the "second amended § 2255 motion." Under those circumstances, it may be unclear whether the court would consider petitioner's motion to supplement, which clearly references his § 2255 motion, or his "second amended § 2255 motion" in ruling upon petitioner's § 2255 motion.

First, the court notes that although petitioner titled his motion to supplement a "MOTION TO SUPPLEMENT DEFENDANT'S PETITION FILED PURSUANT TO 28 U.S.C.S. § 2255 WITH ADDITIONAL ISSUES[,]" the motion in substance is a motion to amend his § 2255 petition by adding new § 2255 claims. (ECF No. 342.) The Court of Appeals for the District of Columbia Circuit has explained that an "amendment" to a pleading is based upon transactions or occurrences that occurred *prior to* the original pleading and "supplements" to a pleading are based upon transactions or occurrences that occurred after the date on which the original pleading was filed. United States v. Hicks, 283 F.3d 380, 385 (D.C. Cir. 2002) (citing Fed. R. Civ. P. 15(d)). The § 2255 claims petitioner seeks to add to his initial § 2255 motion appear to be based upon events that happened prior to petitioner filing his initial § 2255 motion on March 6, 2018. The court, therefore, considers the motion to supplement as a motion to amend his initial § 2255 motion, which is governed by Federal Rule of Civil Procedure 15 in habeas corpus proceedings filed under 28 U.S.C. § 2255. United States v. Thomas, 221 F.3d 430, 435 (3d Cir. 2000); United States v. Duffus, 174 F.3d 333 (3d Cir. 1999).

Under Rule 15(a), a petitioner may "amend his or her pleading once as a matter of course

4

at any time before a responsive pleading is served." Thomas, 221 F.3d at 435. The court in Thomas explained that a district court may consider a petitioner's *untimely* request to amend his or her § 2255 motion if the "proposed amendment relates back to the filing date of the petition after the expiration of the statute of limitations." Id. at 437-37. The Supreme Court has explained: "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." Mayle v. Felix, 545 U.S. 644, 664 (2005). In other words, "*new claims* can relate back if they arise from the same conduct, transaction, or occurrence described in a timely filed 2255 motion." Hodge v. United States, 554 F.3d 372, 378 (3d Cir. 2009) (emphasis added). The Supreme Court's decision in Mayle, however, "forecloses the relation back of a new, untimely claim when it is 'supported by facts that differ in both time and type from those the original pleading set forth.'" Id. (quoting Mayle, 545 U.S. at 650)). Based upon the foregoing, the court would need to assess the timeliness of petitioner's motions that are currently pending before the court.

Under § 2255, a petitioner has one year to file his or her § 2255 motion, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In Kapral v. United States, 166 F.3d 565 (3d Cir. 1999), the Third Circuit Court of Appeals explained:

> [A] "judgment of conviction becomes final" within the meaning of § 2255 on the later of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires. If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired.

Id. at 577.

On March 6, 2017, the Supreme Court denied petitioner's request for a writ of certiorari. According to petitioner, he mailed to this court his initial § 2255 motion on March 2, 2018. Petitioner's § 2255 motion was filed on the court's docket on March 6, 2018, i.e., within one year after the judgment entered against him became final. Petitioner's § 2255 motion, therefore, was timely filed. Petitioner alleges that he mailed to this court his motion to supplement, which the court construes as a motion to amend, on March 6, 2018; indeed, the envelope accompanying the motion contains a notation in what appears to be petitioner's handwriting that the motion was mailed to this court on that date. Petitioner's motion to supplement, however, was not filed on the court's docket until March 9, 2018, i.e., more than one year after the judgment entered against him became final. The Third Circuit Court of Appeals, however, has explained: "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998). It, therefore, appears that petitioner's motion to supplement, which this court construes as a motion to amend, was timely filed and may be considered by this court because petitioner may amend his pleading once as a matter of course prior to the filing of a responsive pleading under Rule 15(a). The court's preliminary assessment is that the motion to supplement should be granted. The government has not yet responded to any of the motions in issue. If the government has no basis to contest the timeliness of the motion to supplement, it will be granted.

Petitioner's "second amended § 2255 motion," however, was filed after March 6, 2018, i.e., more than one year after the judgment entered against him became final. Petitioner in his "second amended § 2255 motion" alleges that the "second amended § 2255 motion" was filed in an attempt to file one all-inclusive motion to comply with the court's order dated May 2, 2018. (ECF No. 348 at 12.) Petitioner alleges that he "only combined the two timely filed petitions…and did not add any new grounds not included in the timely petitions." (Id.) The court's preliminary assessment of the second amended § 2255 motion confirms that the claims raised in the second § 2255—although reorganized and more detailed—were asserted in the § 2255 motion or the motion to supplement. Under those circumstances, the court would construe the "second amended § 2255 motion" as a second motion to amend the § 2255 motion. It would be in effect a consolidation of the § 2255 motion and the motion to supplement and would likely relate back to the initial § 2255 motion and the motion to supplement. If the government concurs it would only need to respond to the "second amended § 2255 motion" and the other motions would be denied as moot.

As discussed above, each claim raised in the second amended § 2255 motion appears to have been raised in the initial § 2255 motion or the motion to supplement. The claims raised in the "second amended § 2255 motion," therefore, appear to relate back to the claims set forth in the initial § 2255 motion and the motion to supplement.

**B. Petitioner may have his motion recharacterized as a § 2255 motion and heard as such, but lose his ability to file a second or subsequent petition absent certification by the court of appeals.**

This option is not suitable with respect to petitioner because the initial motion was a § 2255 motion. Petitioner's initial § 2255 motion is entitled "MOTION UNDER U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY" (ECF No. 340); his motion to supplement is entitled "MOTION TO SUPPLEMENT

DEFENDANT'S PETITION FILED PURSUANT TO 28 U.S.C.S. § 255 WITH ADDITIONAL ISSUES[;]" and his second amended § 2255 motion, which this court construes as a second motion to amend, is entitled "MOTION UNDER U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY" (ECF No. 348). Petitioner should be aware, however, that if the court rules upon his "second amended § 2255 motion," he will lose his ability to file a second or subsequent petition absent certification by the court of appeals. 28 U.S.C. § 2255(h).

**C. Petitioner may withdraw his motion, and file one all-inclusive § 2255 petition within the one-year statutory period.**

Because the one-year applicable statute of limitations for petitioner to file his § 2255 motion lapsed after March 6, 2018, this option is not suitable for petitioner. If he withdrew his § 2255 motion and accompanying motions to amend, a newly filed § 2255 motion filed would be untimely unless petitioner could show the one-year statute of limitations did not lapse on March 6, 2018. See 28 U.S.C. § 2255(f). Here, if the "second amended § 2255 motion" is an amended motion that relates back to the initial § 2255 motion and the first amendment, i.e., the motion to supplement, it arguably relates back and would be the operative § 2255 motion to be responded to by the government. In other words, this option would not be relevant.

**III. Conclusion**

For the reasons set forth in this opinion, the motion for clarification and enlargement of time to reply (ECF No. 346) will be granted in part, and denied in part. The motion will be granted with respect to petitioner's request for clarification of the court's order dated May 2, 2018. The request for an enlargement of time to reply, however, will be denied as moot because petitioner via the filing of the "second amended § 2255 motion" already responded to the order dated May 2, 2018. Further response by petitioner is not required at this time. The second motion for

clarification (ECF No. 347) will be denied as moot in light of the court providing clarification in response to the first motion for clarification.

On or before August 15, 2018, the government shall file its response to petitioner's "second amended § 2255 motion" or should file an objection to the timeliness of the "second amended § 2255 motion."

An appropriate order will be entered.

BY THE COURT,

Dated: July 12, 2018

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief United States District Judge

cc: Raymond Zareck
#02604-068
F.C.C. Allenwood—Low Security Correctional Institution
Federal Correctional Institution
P.O. Box 1000
White Deer, Pennsylvania 17887